IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORY MORGAN, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:14-cv-10284 |
| ) | |
| v. ) | Honorable Judge Joan Humphrey Lefkow |
| ) | |
| GUARDIAN ANGEL HOME CARE, INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION FOR SUMMARY JUDGMENT**

Defendant, Guardian Angel Home Care, Inc. ("Guardian Angel"), through its counsel, for its Memorandum of Law in Support of its Motion for Summary Judgment, states as follows:

**SUMMARY OF ARGUMENT**

Based upon the undisputed evidence elicited during discovery, Guardian Angel is entitled to summary judgment as to Counts I (violation of the Fair Labor Standards Act); Count II (violation of the Illinois Minimum Wage Law); Count III (breach of contract as to the January 2011 offer letter; Count IV (breach of contract as to the November 2012 offer letter); and Count V (violation of the Illinois Wage Payment and Collection Act as to the January 20122 and November 2012 offer letters).

Plaintiff was employed as Registered Nurse at Guardian Angel Home Care, and throughout her tenure was compensated on either a fee basis or a salary basis. As Plaintiff claims in Paragraph 14 of the Second Amended Complaint, during the time she was paid on a salary basis, she was exempt from overtime under the Fair Labor Standards Act ("the FLSA") (and consequently the Illinois Minimum Wage Law ("the IMWL")). Plaintiff testified in her deposition that she is seeking the payment of additional compensation only during the time she was working pursuant to the January 2011 offer letter (from January 31, 2011 through September

1

28, 2012), and that this claim for additional compensation is limited to worked performed doing documentation and making telephone calls on weekends when she worked more than one weekend in a month. Plaintiff admitted that no agreement was reached with Guardian Angel as to the payment of this specific compensation. Because Plaintiff was exempt from overtime, and because the payment of this specific compensation was not agreed upon by the parties, Plaintiff has no remedy under either the FLSA or the IMWL for this claim. To the extent Plaintiff claims she reached an agreement as to any compensation during this time-frame, that compensation is not governed by the FLSA or IMWL as these statutes enforce only the payment of minimum and overtime wages. Moreover, Guardian Angel is entitled to summary judgment as any claim for wages sough under the FLSA or the IMWL, which accrued more than three-years from the date Plaintiff filed this lawsuit on December 23, 2014.

In addition, Guardian Angel is entitled to summary judgment as to Plaintiff's claim in Count I related to alleged recordkeeping violations because Plaintiff does not have a private cause of action for such claim under the FLSA.

Guardian Angel is entitled to summary judgment as to Plaintiff's claims in Counts III and V related to the January 2011 offer letter because Plaintiff never completed more than 30 patient visits in a week. Therefore, even assuming the allegations related to the January 2011 offer letter are true, Plaintiff's claims as to the January 2011 offer letter fail as a matter of law.

Finally, Guardian Angel is entitled to summary judgment as to Plaintiff's claims in Counts IV and V related to the November 2012 offer letter because Plaintiff never completed more than 100 patient visits in two bi-weekly payperiods. Therefore, even assuming the allegations related to the November 2012 offer letter are true, Plaintiff's claims as to the November 2012 offer letter fail as a matter of law.

2302112v.1

## SUMMARY OF RELEVANT FACTS

Plaintiff was employed during at Guardian Angel as a Registered Nurse. SOF ¶¶ 2,3.[1] Plaintiff provided treatment to patients in their homes, documented patient information in medical records, coordinated patients' care with other modalities, and reconciled patients' medication. SOF 4. Plaintiff began working for Guardian in October 2010. SOF ¶ 11. Initially, Plaintiff worked on a per diem basis, which meant that she was paid a flat amount per patient visit completed. SOF ¶ 12. The flat amount Plaintiff was paid for each patient visit was not based upon the length of time the visit took. SOF ¶ 12. Plaintiff did not work overtime while she was a per diem employee starting in October 2010. SOF ¶ 13. Plaintiff is not making any claim for wages or other damages for time worked between October 2010 and January 31, 2011. SOF ¶ 14.

Effective January 31, 2011, Plaintiff became a full-time employee of Guardian Angel. Plaintiff continued working as a Registered Nurse earning a salary of $71,000 per year. SOF ¶ 15. Plaintiff was always paid her salary. SOF ¶ 18. Between January 31, 2011 and September 28, 2012, Plaintiff never worked overtime hours. SOF ¶ 19. Plaintiff recorded each patient visit in Homecare Homebase. SOF ¶ 5, 20. Homecare Homebase shows that Plaintiff never completed more than 30 patient visits in a week between January 31, 2011 and September 28, 2012. SOF ¶ 20.

On or about September 28, 2012, Plaintiff resumed working for Guardian Angel on a per diem basis as a Registered Nurse. SOF. ¶ 29. As with her previous per diem arrangement with Guardian Angel, Plaintiff was paid a flat amount for each patient visit she completed. SOF ¶ 29.

---

[1] Citations to Defendant's Undisputed Material Facts pursuant to L.R. 56.1(a)(3) are cited herein as "SOF ¶ __."

2302112v.1

The flat amount was based upon the type of patient visit involved, and not on the length of the patient visit. SOF ¶ 30. Plaintiff did not work overtime between September 28, 2012 and November 9, 2012, and therefore does not have a claim for overtime being owed to her during this time. SOF 3 ¶ 1. Plaintiff agrees that Guardian Angel paid her for each patient visit completed between September 28, 2012 and November 9, 2012. SOF ¶ 32.

Plaintiff received an offer letter from Guardian Angel dated November 8, 2012, which stated that Plaintiff would return to working full-time at an annual salary of $71,000. SOF ¶ 33. According to the November 8, 2012 offer letter, if Plaintiff exceeded 100 visits in two bi-weekly payperiods, she would be paid $40.00 for each additional visit. SOF ¶¶ 33-34. Plaintiff never completed more than 100 patient visits in two bi-weekly payperiods. SOF ¶¶ 38-73. Plaintiff never worked overtime between November 9, 2012 and June 9, 2013. SOF ¶ 35.

Effective June 21, 2013, Plaintiff went back to working for Guardian Angel on a per diem basis. SOF ¶ 74. Plaintiff was paid a flat amount for each patient visit she completed based upon the type of patient visit involved without regard to the length of the visits. SOF ¶ 75. Plaintiff did not work overtime between June 9, 2013 and August 2, 2013. SOF ¶¶ 77-78. Plaintiff resigned from her employment at Guardian Angel effective August 2, 2013. SOF ¶ 76.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates the entry of summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S.

317, 322 (1986).

If the moving party meets its burden, the burden shifts to the non-moving party to present specific facts, which show that there is a genuine issue of material fact. *Matsuachita Elec. Inds. Co. v. Zenith Radio Co.*, 475 U.S. 574, 586-8 (1986). When the non-moving party bears the burden of proof on a dispositive issue at trial, the non-moving party may not rest on its pleadings, but must produce specific evidence of a genuine issue for trial. *Celotex*, 477 U.S. at 3241; *Tacket v. Delco Remy, a Division of General Motors Corp.*, 959 F.2d 650, 652 (7th Cir. 1992). Application of these standards to the relevant undisputed evidence demonstrates that Guardian Angel is entitled to summary judgment.

## ARGUMENT

### I. SUMMARY JUDGMENT SHOULD BE GRANTED AS TO COUNTS I AND II BECAUSE PLAINTIFF IS NOT ENTITLED TO OVERTIME UNDER THE FLSA OR IMWL BECAUSE SHE WAS EXEMPT

Guardian Angel is entitled to summary judgment on Count I (violation of the FLSA) and Count II (violation of the IMWL) of Plaintiff's Second Amended Complaint, both of which are premised upon allegations that Plaintiff was paid hourly and that she worked overtime. SOF ¶ 10. Plaintiff's payroll records and deposition testimony, however, belie her attorney's allegations.

During the course of Plaintiff's employment at Guardian Angel, she was employed as a Registered Nurse. SOF ¶ ¶ 2-3. Plaintiff's job duties included treating patients in their homes, coordinating patients' care with other modalities, reconciling patients' medication, and documenting patient information in their records. SOF ¶ 4. During Plaintiff's tenure, she was paid either an annual salary of $71,000 or on a fee basis. SOF ¶¶ 12, 15, 29, 33, 74-75.

Registered Nurses who are licensed by the appropriate state examining board are generally considered learned professionals and are exempt from overtime under the FLSA (i.e. they are not entitled to overtime pay) provided they are paid on a salary basis or fee basis of not less than $455 per week. 29 C.F.R. 541.301(e)(2). Even Plaintiff alleges that she would be exempt if she was paid a salary. SOF ¶ 10.

The Illinois legislature has "chosen to defer to decisions by Congress and the United States Department of Labor" regarding overtime exemption standards. *Resurrection Home Health Servs. v. Shannon*, 2013 IL App (1st) 111605, 983 N.E.2d 1079 (Ill. App. Ct. 2013); *see also, Kennedy v. Commonwealth Edison Co.*, 410 F.3d 365, 376 (7th Cir. 2005) (holding that where a plaintiff's FLSA claim fails, the related IMWL claim must fail, as well).

An employee is paid on a salary basis if the employee regularly receives a predetermined amount constituting all or part of the employee's compensation, and the amount is not subject to reduction because of variations in the quality or quantity of the work performed. 29 C.F.R. 541.602(a).

Plaintiff testified at her deposition hat her claim for compensation in this lawsuit relates to the time period when she was working for Guardian Angel pursuant to her January 2011 offer letter from on or about January 31, 2011 through on or about September 28, 2012. SOF ¶¶ 13-14, 19, 28, 35, 77-78. Plaintiff admits that she did not reach an agreement with Guardian Angel, but she is nonetheless seeking additional compensation for work performed making phone calls and documentation performed on weekends in excess of one weekend per month. SOF ¶¶ 26-27. Plaintiff's claim for additional compensation for making phone calls and doing documentation during weekends fails as a matter of law under the FLSA and the IMWL because Plaintiff was

2302112v.1

exempt during this time period, and is therefore not entitled to any additional compensation under either statute.[2]

To the extent that Plaintiff argues that any agreement to pay her an additional flat rate for weekend visits in addition to her $71,000 salary destroys the exemption, Plaintiff is mistaken. SOF ¶¶ 16-17. In fact, Section 29 C.F.R. 541.604(a) provides that, "An employer may provide an exempt employee with additional compensation without losing the exemption or violating the salary basis requirement, if the employment arrangement also includes a guarantee of at least the minimum weekly-required amount paid on a salary basis. . . . Similarly, the exemption is not lost if an exempt employee who is guaranteed at least $912 each week paid on a salary basis also receives additional compensation based on hours worked beyond the normal workweek. Such additional compensation may be on any basis (e.g., flat sum, bonus payment, straight-time hourly amount, time and one-half or any other basis), and may include paid time off."

In addition, at best, Plaintiff's claims are subject to a three-year statute of limitations under the IMWL. 820 ILCS 105/12. An action for unpaid wages under the FLSA shall be commenced within two years after the cause of action accrued or else such claim is forever time-barred, except that a cause of action arising out of a willful violation shall be commenced within three years after the cause of action accrued. 29 U.S.C. § 255. Under Section 255, a cause of action accrues at each regular payday immediately following the work week during which the services were rendered and for which compensation is claimed. *See Anguilo v. Levy Co.*, 568 F. Supp. 1209, 1215 (N.D. Ill. 1983).

---

[2] To the extent Plaintiff maintains that she is also seeking additional compensation pursuant to an "agreement," such claim falls outside the scope of the FLSA and IMWL, which both govern only the payment of minimum and overtime wages. 29 U.S.C. 201 *et seq.*; 820 ILCS § 105/1 *et seq.*

7

Plaintiff filed this lawsuit on December 23, 2014. As such, Guardian Angel is entitled to summary judgment as to any claim for compensation alleged to be owed under the FLSA and the IMWL, which accrued prior to December 23, 2011.

## II. PLAINTIFF HAS NO PRIVATE CAUSE OF ACTION FOR ALLEGED RECORDKEEPING VIOLATIONS UNDER THE FLSA.

Guardian Angel is also entitled to summary judgment as to Plaintiff's FLSA claim in Paragraph 15 of Count I alleging that Guardian Angel failed to comply with the Act's recordkeeping violations. In addition to the fact that the record is void of any evidence to support Plaintiff's claim, Plaintiff does not have a private right of action to pursue a claim based upon the FLSA's recordkeeping provision. *See Farmer v. Directstat USA, LLC*, 08 C 3962, 2010 U.S. Dist. LEXIS 105738, * 35-36 (N.D. Ill. Oct. 4, 2010).

## III. SUMMARY JUDGMENT SHOULD BE GRANTED AS TO PLAINTIFF'S BRACH OF CONTRACT CLAIM AND IWPCA CLAIM PREMISED UPON THE JANUARY 2011 OFFER LETTER.

Even assuming that Plaintiff's January 2011 offer letter consists of a contract sufficient to give rise to her breach of contract claim in Count III, and an agreement sufficient to give rise to her IWPCA claim in Count V, Plaintiff's own testimony disavows Guardian Angel of any liability for failing to comply with its terms.

In Count III, it is alleged that Guardian Angel breached its contract with her by not paying her the required additional compensation for patient visits in excess of 30 per week. SOF ¶¶ 21-23. Plaintiff's IWPCA claim in Count IV makes an identical allegation. SOF ¶¶ 24-25.

Plaintiff, however, agrees that her patient visit records in Homecare Homebase demonstrate that she never completed more than 30 patient visits in a week between January 31, 2011 and September 28, 2012. ¶¶ SOF 20. Therefore, Plaintiff's claim for contractual and

8

statutory damages based upon the allegation that Guardian Angel did not pay her additional compensation for patient visits in excess of 30 per week per the January 2011 offer letter fails as a matter of law.

### IV. SUMMARY JUDGMENT SHOULD BE GRANTED AS TO PLAINTIFF'S BRACH OF CONTRACT CLAIM AND IWPCA CLAIM PREMISED UPON THE NOVEMBER 2012 OFFER LETTER.

Even assuming that Plaintiff's November 2012 offer letter consists of a contract sufficient to give rise to her breach of contract claim in Count IV, and an agreement sufficient to give rise to her IWPCA claim in Count V, Plaintiff's own statements disavow Guardian Angel of liability for breaching the same.

In Count IV, Plaintiff claims that Guardian Angel breached its contract with Plaintiff by not paying her for additional patient visits that exceeded 50 per two-week payperiod. SOF ¶ 36. Plaintiff's IWPCA claim in Count IV makes an identical allegation. SOF ¶ 37.

Plaintiff agrees that her Second Amended Complaint incorrectly states the compensation offered to her in the November 2012 offer letter. SOF ¶ 34. In reality, the November 2012 offer letter states that she was eligible to earn additional compensation for patient visits completed that exceeded 100 in two bi-weekly payperiods. SOF ¶ 34. Plaintiff never completed more than 100 patient visits in two biweekly payperiods between November 2012 and June 21, 2013. SOF ¶¶ 38-73. Therefore, Plaintiff's claim for contractual and statutory damages based upon the allegation that Guardian Angel did not pay her in accordance with the November 2012 offer letter fails as a matter of law.

### CONCLUSION

WHEREFORE, Defendant, Guardian Angel Home Care, Inc., respectfully requests that this Court grant its Motion for Summary Judgment: (1) as to the Counts I and II because during

9

the limited time during which Plaintiff is seeking additional compensation, she was an exempt employee not entitled to additional compensation under the FLSA or the IMWL; (2) as to Counts I and II to the extent the limited time during which Plaintiff is seeking additional compensation falls outside the three-year statute of limitations under the FLSA and the IMWL; (3) as to Count I because Plaintiff does not have a private cause of action under the FLSA to enforce Guardian Angel's alleged recordkeeping violations; (4) as to Counts III and V because Plaintiff's breach of contract and IWPCA claims based upon the January 2011 offer letter fail as a matter of law where Plaintiff never completed more than 30 patient visits in a week and therefore Guardian Angel did not breach the alleged contract or agreement; and (5) as to Counts IV and V because Plaintiff's breach of contract and IWPCA claims based upon the November 2012 offer letter fail as a matter of law where Plaintiff never completed more than 100 patient visits in two bi-weekly pay periods and consequently Guardian Angel did not breach the alleged contract or agreement.

       **Guardian Angel Home Care, Inc.,**
       **Defendant**

       By: /s/ Lisa Handler Ackerman

Lisa Handler Ackerman
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603
Tel: 312.704.0550
Fax: 312.704.1522
lisa.ackerman@wilsonelser.com

2302112v.1

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that, on April 17, 2017 she caused the foregoing pleading to be filed with the Court by electronic filing protocols using the CM/ECF system, and that a copy of the same will therefore be electronically served upon all attorneys of record registered with the Court's CM/ECF system.

/s/Lisa Handler Ackerman